UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT PASQUINELLI and BRYAN PAYSEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>HUMBL, LLC, BRIAN FOOTE, JEFFREY HINSHAW, GEORGE SHARP, KAREN GARCIA, and MICHELE RIVERA,<br><br>Defendants. | Case No.: 22-cv-00723-AJB-BLM<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE**<br><br>**(Doc. No. 31)** |

Before the Court is HUMBL, Inc. ("HUMBL" or the "Company"), Brian Foote, Jeffrey Hinshaw, Karen Garcia, and Michele Rivera's (collectively, "Defendants") motion to transfer venue pursuant to the forum selection provision in the Company's bylaws. (Doc. No. 31.) Alfred Miller ("Miller") and Matt Pasquinelli ("Pasquinelli") (collectively, "Lead Plaintiffs") oppose the motion. (Doc. No. 38.) For the reasons set forth, the Court **GRANTS** Defendants' motion to transfer venue.

1

## I. BACKGROUND

This is a purported class action suit on behalf of all persons and entities who acquired HUMBL securities during the class period. (Doc. No. 26 at 2.) Plaintiffs bring this suit against HUMBL and certain officials under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, and/or Sections 5 and 12(a)(1) of the Securities Act of 1933. (*Id.*)

HUMBL is a mobile financial service company incorporated in Delaware with its principal place of business in San Diego, California. (*Id.* at 4.) Lead Plaintiffs, Miller and Pasquinelli, reside in Texas and Pennsylvania, respectively. (*Id.* at 2.) Miller purchased HUMBL common stock beginning January 25, 2021, and Pasquinelli purchased HUMBL common stock and HUMBL ETX securities beginning February 3, 2021, and April 14, 2021, respectively. (*Id.* at 4.)

Plaintiffs filed suit in the Southern District of California, raising allegations that Defendants made materially false and/or misleading statements and failed to disclose information regarding HUMBL's business and operations. (Doc. No. 26 at 3.) Defendants filed a motion to transfer venue to the District Court of Delaware pursuant to the federal forum selection provision in the Company's bylaws. The instant Order follows.

## II. LEGAL STANDARD

A forum selection clause may be enforced by a motion to transfer venue under 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Distr. of Texas*, 571 U.S. 49, 59 (2013). Where a defendant has filed such a motion, "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Id.* "[A] valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Id.* at 63 (internal alterations omitted). The plaintiff "bear[s] the burden of showing why the court should not transfer

the case to the forum to which the parties agreed." *Id.* at 63–64.

## III.   DISCUSSION

Defendants move to transfer venue pursuant to the federal forum selection provision ("FFP") in HUMBL's bylaws, which states:

> Unless the Corporation consents in writing to the selection of an alternative forum, to the fullest extent permitted by law, the federal district courts of the United States situated in the State of Delaware shall be the exclusive forum for the resolution of any complaint asserting a cause of action under the Securities Act of 1933 and the Securities Exchange Act of 1934. Any person or entity purchasing or otherwise acquiring any interest in shares of capital stock of the corporation shall be deemed to have notice of and consented to the provisions of this Section 7.13.

(Doc. No. 31-3 at 16.) In response, Plaintiffs argue that: (A) they are not bound by the bylaws' FFP for lack of mutual assent, (B) the FFP is unenforceable because it improperly seeks to govern the Company's external affairs and would eliminate Plaintiffs' right to assert claims in state court, and (C) several factors weigh against a transfer to the District of Delaware. (Doc. No. 38 at 8.) The Court considers these arguments in turn.

### A.   Plaintiffs Are Bound by HUMBL's Bylaws

To begin, HUMBL is incorporated in Delaware (Doc. No. 26 at 4). Thus, Delaware contract law governs. *See, e.g.*, *Lee v. Fisher*, --- F.4th. ---, 2023 WL 3749317, at *9 (9th Cir. June 1, 2023) (applying Delaware law to interpret a Delaware corporation's forum selection bylaws). The parties do not contend otherwise. (Doc. No. 38 at 15 n.2 ("The parties agree that 'Delaware law governs the Company's internal affairs, including the interpretation and enforcement of its Certificate of Incorporation.'" (citation omitted)).) Under Delaware law, when an investor buys stock in a Delaware corporation, they contractually assent to be bound by bylaws that are valid under the Delaware General Corporation Law ("DGCL"). *Boilermakers Local 154 Retirement Fund v. Chevron Corp.*, 73 A.3d 934, 958 (Del. Ch. 2013).

Here, Plaintiffs agreed to be bound by HUMBL's bylaws when they purchased

HUMBL stock. *See id.* The FFP in the Company's bylaws state that "[a]ny person or entity purchasing or otherwise acquiring any interest in shares of capital stock of the Corporation shall be deemed to have notice of and consented to the provisions of this Section 7.13 [FORUM FOR ADJUDICATING DISPUTES]." (Doc. No. 31-3 at 16.) The Court finds unavailing Plaintiffs' argument that they are not bound by the FFP because some putative class members may hold only unregistered BLOCK Exchange Traded Index ("ETX") securities. In Plaintiffs' view, the FFP applies only to capital stockholders, and because some class members may hold only ETX securities, they cannot be bound to the FFP. Plaintiffs' position appears speculative and unsupported by the record.

The operative complaint makes clear that Lead Plaintiffs both purchased HUMBL common stock. (Doc. No. 26 at 4.) There is also no indication that any of the other named plaintiffs purchased only ETX securities. Moreover, in his motion for appointment as lead plaintiff, Pasquinelli represented to the Court that his "claims are typical of the claims of the other members of the putative Class because, like all other Class members, [he]: (1) purchased HUMBL common stock." (Doc. No. 10 at 12.) Accordingly, because Plaintiffs own HUMBL capital stock, they are deemed to have notice of and are bound by the FFP, regardless of additional ETX securities.[1]

### B. Enforceability of HUMBL's FFP

Plaintiffs next argue that even if they are bound by the FFP, the provision is unenforceable because (1) the federal securities claims Plaintiffs raise are external affairs that cannot be governed by the Company's bylaws and (2) the FFP contravenes California's public policy and legal precedent by denying a substantive right to bring claims in state

---

[1] Even if there are putative class members who purchased only ETX securities, the Court is unpersuaded that that they would not be bound to HUMBL's bylaws. As previously mentioned, Delaware law provides that investors contractually assent to a company's bylaws when they purchase that company's stocks. *See Boilermakers*, 73 A.3d at 958 ("stockholders contractually assent to be bound by bylaws that are valid under the DGCL— that is an essential part of the contract agreed to when an investor buys stock in a Delaware corporation").

court. The Court considers these contentions in turn.

As to their first argument, Plaintiffs claim that the FFP in HUMBL's bylaws is unenforceable because it governs the Company's external affairs, which is impermissible under the DGCL. (Doc. No. 38 at 15.) Citing Sections 109 and 115 of the DGCL,[2] Plaintiffs assert that Delaware law authorizes HUMBL to adopt provisions in its bylaws that govern only their internal affairs. (*Id.*) In Plaintiffs' view, claims under the Securities and Exchange Act constitute external affairs, and thus, HUMBL's bylaws cannot regulate them. (*Id.*) The Court disagrees.

In *Salzberg*, the Delaware Supreme Court characterized federal securities claims as "intra-corporate" litigation, which fall outside the purview of Section 115. *See Salzberg v. Sciabacucchi*, 227 A.3d 102, 120 (Del. 2020) (finding that Section 115 does not apply because securities claims "are not 'internal corporate claims'".) The *Salzberg* court held that FFPs that direct securities claims "to federal courts (which are most experienced in adjudicating them), do not violate Section 115 and are facially valid." *Id*. Indeed, the Ninth Circuit recently highlighted that under *Salzberg*, "federal claims are not 'internal corporate claims' under Section 115," and thus, "courts 'must look elsewhere to determine whether a forum-selection bylaw is permissible. *Lee*, 2023 WL 3749317, at *16 (internal alterations omitted) (quoting *Salzberg*, 227 A.3d at119). Plaintiffs' citation to Section 109 is also unavailing as "*Salzberg* concluded, Section 109(b) was broad enough to authorize the forum-selection clause at issue, notwithstanding Section 115." *Lee*, 2023 WL 3749317, at *19. Applying *Salzberg* and *Lee*, the Court rejects Plaintiffs' argument that HUMBL's FFP violates either Section 109 or 115.

As to their second argument, Plaintiffs assert that enforcing the FFP contravenes

---

[2] In relevant part, Section 115 states that a corporation's "bylaws may require, consistent with applicable jurisdictional requirements, that any or all internal corporate claims shall be brought solely and exclusively in any or all of the courts in this State." 8 Del. C. § 115.19 "Section 115 prohibits bylaws that forbid a plaintiff from bringing such internal corporate claims in Delaware courts." *Lee*, 2023 WL 3749317, at *16.

public policy because the provision eliminates Plaintiffs' substantive right to bring Securities and Exchange Act claims in state court. (Doc. No. 38 at 8). This argument fails because as *Salzberg* noted, the United States Supreme Court in *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477 (1989), "held that federal law has no objection to provisions that preclude state litigation of Securities Act claims." *Salzberg*, 227 A.3d at 132. To the extent Plaintiffs view *Rodriguez* as distinguishable because it was decided in an arbitration, and not a forum-selection clause, context, the Ninth Circuit found the argument "unavailing, because an agreement to arbitrate is, in effect, a specialized kind of forum-selection clause." *Lee*, 2023 WL 3749317, at *8 (internal alterations, quotation marks, and citation omitted). Accordingly, the Court finds that the FFP does not violate public policy.

### C. No Extraordinary Circumstances Disfavoring Transfer

Lastly, Plaintiffs argue that the relevant factors under 28 U.S.C. § 1404(a) and other discretionary factors weigh against transferring venues. (Doc. No. 38 at 18.) Defendants assert that Plaintiffs fail to meet their burden of showing extraordinary circumstances that disfavor a transfer. (Doc. No 41 at 6.) The Court agrees.

The United States Supreme Court held that the presence of a valid forum selection provision requires the district court to alter its analysis on a motion to transfer venue. *Atlantic*, 571 U.S. at 63. Under this analysis, (1) the plaintiff's choice of forum merits no weight, (2) a court should not consider arguments about the parties' private interests, and (3) the party defying the forum-selection clause bears the burden of showing public-interest factors that overwhelmingly disfavor a transfer. *Id.* at 51, 63. When a defendant files a motion to transfer, "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Id.* at 59.

Having found that Plaintiffs are bound by an enforceable FFP, the Court examines whether they have shown that extraordinary circumstances disfavor a transfer. *See id.* Upon review, the Court finds the answer is no. Plaintiffs raise only factors that carry no weight

(private interests) or little weight (public interests) against HUMBL's valid FFP. First, Plaintiffs' choice of forum is weightless. *Id.* at 63 ("plaintiff's choice of forum merits no weight."). Second, Plaintiffs assert that the convenience of the parties and witnesses, and ease of evidence weigh against transferring the case. (Doc. No. 38 at 28.) However, these private interests are not applicable to the Court's evaluation. *Atlantic*, 571 U.S. at 51 ("court should not consider the parties' private interests aside from those embodied in the forum-selection clause."). Lastly, considering the purely federal claims at issue, the Court does not find that strong public interest factors favor adjudication of the federal securities claims in this district court over another, and Plaintiffs made no argument to the contrary. In any event, "public-interest factors will rarely defeat a transfer motion." *Id.* Accordingly, the Court finds Plaintiffs have not met their burden of showing extraordinary circumstances that disfavor a transfer here.

## IV.   CONCLUSION

Based on the foregoing, the Court finds that Plaintiffs are bound by the forum selection clause in HUMBL's bylaws, that the forum selection provision is enforceable, and that Plaintiffs have failed to show extraordinary circumstances disfavoring a transfer. Accordingly, the Court **GRANTS** Defendants' motion to transfer venue to the District Court of Delaware. The Clerk of Court is **DIRECTED** to so transfer this case.

**IT IS SO ORDERED**.

Dated: July 7, 2023

Hon. Anthony J. Battaglia
United States District Judge