IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATT PASQUINELLI and BRYAN PAYSEN, Individually and on Behalf Of All Others Similarly Situated, </br></br>Plaintiffs, </br></br>v. </br></br>HUMBL, LLC, BRIAN FOOTE, JEFFREY HINSHAW, GEORGE SHARP, KAREN GARCIA, MICHELE RIVERA, and BF BORGERS CPA, PC, </br></br>Defendants. | Case No. 23-743-JLH |

## MEMORANDUM ORDER

This is a putative class action for securities fraud. Plaintiffs allege Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Sections 5 and 12(a)(1) of the Securities Act of 1933. The operative pleading is the Second Amended Class Action Complaint ("SAC") (D.I. 87.) Upon motions by the HUMBL Defendants[1] and Defendant George Sharp (D.I. 71, 75), I dismissed the first Amended Class Action Complaint ("ACAC") for failure to state a claim and granted Plaintiffs leave to amend (D.I. 86). The SAC is Plaintiffs' third attempt to levy viable claims against the defendants. The HUMBL Defendants and Defendant Sharp (hereinafter, "Moving Defendants") have again moved to dismiss for failure to state a claim.[2] (D.I.

---

[1] The "HUMBL Defendants" are HUMBL, Inc., Brian Foote, Jeffrey Hinshaw, Karen Garcia, and Michele Rivera. (D.I. 91.) The SAC refers to HUMBL, LLC, but both sides appear to agree that HUMBL, LLC does not exist and that the proper defendant is HUMBL, Inc.

[2] Defendant BF Borgers CPA, PC, did not move to dismiss and instead filed an answer to the SAC on August 22, 2025. (D.I. 105.)

91, 95.) Because Plaintiffs failed to cure the defects in the ACAC, I will grant Moving Defendants' motions and dismiss the claims against them.

    1.    I incorporate herein the legal standards set forth in my order dismissing the ACAC. (D.I. 86 ("ACAC Dismissal Order").)[3]

    2.    I'll begin with the First and Third Causes of Action—the § 10(b) claims. In the ACAC Dismissal Order, I granted Moving Defendants' motions to dismiss on the grounds that the ACAC failed to plausibly plead reliance. (ACAC Dismissal Order ¶ 3.) Specifically, I explained that Plaintiffs failed to adequately allege direct reliance because they pointed only to two conclusory paragraphs in support of their argument. (*Id.* ¶ 4.) Plaintiffs still rely on the exact same paragraphs in opposing the Moving Defendants' motion to dismiss the SAC: "Plaintiffs . . . relied upon the price of the securities, the integrity of the market for the securities, and/or statements disseminated by Defendants, and were damaged thereby" (D.I. 97 ("Pl. Opp.") at 22 (citing SAC ¶ 360); ACAC ¶ 321); and, "Plaintiffs, . . . relying on the materially false and misleading statements described herein, which the Defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired HUMBL securities at prices artificially inflated by Defendants' wrongful conduct" (Pl. Opp. at 22

---

[3] I also note that I have not considered any of the arguments listed in the "Statement of Relevant Facts" section of Plaintiffs' Opposition Brief. (D.I. 97 at 3–20.) I warned Plaintiffs in the ACAC Dismissal Order that "future arguments in a Statement of Facts section will not be considered." (ACAC Dismissal Order ¶ 3, n.3.) Plaintiffs did not heed this warning and, once again, filled the "Statement of Relevant Facts" section with improper argument. I therefore find that those arguments are forfeited. *See, e.g.*, *ZapFraud, Inc. v. Barracuda Networks, Inc.*, No. 19-1687, 2020 WL 4335945, at *6 n.7 (D. Del. July 28, 2020) (declining to consider arguments raised in the Statement of Facts section); *Bos. Sci. Corp. v. Micro-Tech Endoscopy USA Inc.*, No. 18-1869, 2020 WL 229993, at *8 n. 6 (D. Del. Jan 15. 2020) (same), *report and recommendation adopted*, 2020 WL 564935 (D. Del. Feb. 5, 2020); *In re Horsehead Holding Corp. Sec. Litig.*, No. 16-292, 2018 WL 4838234, at *17 (D. Del. Oct. 4, 2018) (collecting cases), *report and recommendation adopted*, 2019 WL 1409454 (D. Del. Mar. 28, 2019).

(citing SAC ¶ 361); ACAC ¶ 322). Additionally, the "False and/or Misleading Statements" section of the SAC (SAC at 67) is nearly identical to that in the ACAC (ACAC at 70), except for the inclusion of paragraph 325, which reads as follows: "Defendant BF Borgers played a crucial role in ensuring the accuracy and compliance of financial information presented during the 5.7.21 and 6.30.21 Investor Calls." (SAC ¶ 325.) This allegation adds nothing to the direct reliance analysis. The SAC, like the ACAC, still fails to plausibly plead direct reliance.[4]

3. The ACAC Dismissal Order further held that Plaintiffs failed to plausibly allege they were entitled to a presumption of reliance, under either the fraud-on-the-market doctrine or the presumption under *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972). (ACAC Dismissal Order ¶¶ 5–6.) Specifically, I explained that the ACAC failed to allege facts plausibly suggesting that HUMBL traded in an efficient market (*id.* ¶ 5), and failed to plausibly plead that Defendants owed a duty to disclose (*id.* ¶ 6). The "Presumption of Reliance" section of the SAC is nearly identical to that in the ACAC, except for the addition of subsection (i), which reads as follows: "Plaintiffs and members of the Classes purchased, acquired, and/or sold HUMBL securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed without knowledge of the omitted or misrepresented facts." (SAC ¶ 351(i).) This sentence adds nothing material to the analysis.

4. Nor do Plaintiffs' arguments in opposition to the pending motion to dismiss. With respect to the *Affiliated Ute* presumption, Plaintiffs say they're entitled to the presumption because "Defendants failed to disclose that HUMBL itself was an elaborate pump-and-pivot scheme to enrich insiders at the expense of investors . . . ." (Pl. Opp. at 25.) This conclusory assertion is

---

[4] Because the pertinent allegations in the SAC remain unchanged from those in the ACAC, I incorporate herein my reasoning from the ACAC Dismissal Order as to the reliance allegations.

insufficient to show entitlement to the presumption; as with the ACAC, the SAC does not plausibly plead that Moving Defendants owed a duty to disclose. Plaintiffs are thus not entitled to the *Affiliated Ute* presumption.

5. With respect to the fraud-on-the-market presumption, courts consider eight factors in determining whether a market is efficient: the five *Cammer* factors (*In re Advance Auto Parts, Inc., Sec. Litig.*, No. 18-212, 2020 WL 6544637, at *2 (D. Del. Nov. 6, 2020) (citing *Cammer v. Bloom*, 711 F. Supp. 1264, 1286–87 (D.N.J. 1989))) and the three *Krogman* factors (*id.* (citing *Krogman v. Sterritt*, 202 F.R.D. 467, 478 (N.D. Tx. 2001))). As the HUMBL Defendants point out, Plaintiffs effectively concede that five of the eight factors do not support their position by simply refusing to address them. (D.I. 102 ("HUMBL Reply") at 4.) Additionally, contrary to Plaintiffs' argument, the fifth *Cammer* factor (empirical facts showing a cause-and-effect relationship between specific corporate activity and an immediate response in the stock price) weighs against Plaintiffs. Plaintiffs claim it's sufficient that they "allege[d] that the stock price significantly increased upon the release of material positive news." (Pl. Opp. at 23–24.) It is not, as that threadbare allegation is devoid of plausibly pleaded empirical facts. Likewise, Plaintiffs claim the second *Cammer* factor supports their position, but it does not. The second *Cammer* factor looks to whether a "*significant* number" of analysts are following and reporting on the security. *In re Advance Auto Parts*, 2020 WL 6544637, at *2 (emphasis added). Plaintiffs discuss two analysts who followed and reported on HUMBL during the relevant period. I agree with the HUMBL Defendants that two is not a significant number of analysts. Thus, seven of the eight factors for consideration under the fraud-on-the-market doctrine weigh against Plaintiffs. And I agree with the HUMBL Defendants that "one factor out of eight cannot carry a presumption of reliance by itself." (HUMBL Reply at 6.)

4

6. I conclude that the SAC (like the ACAC) fails to plausibly plead reliance. Because reliance is a necessary element of a § 10(b) claim, I do not need to address the remaining elements. The "First Cause of Action" and "Third Cause of Action" will be dismissed as to the Moving Defendants.

7. Turning to the "Second Cause of Action," as before, it alleges control person liability under § 20(a) of the Exchange Act. However, such liability hinges on an underlying violation of § 10(b). Because the SAC fails to state a § 10(b) claim, it also fails to state a § 20(a) claim. The "Second Cause of Action" will be dismissed as to the Moving Defendants.

8. Finally, the "Fourth Cause of Action" again alleges that the HUMBL Defendants violated §§ 5 and 12(a)(1) of the Securities Act by selling an unregistered security, namely HUMBL'S "BLOCK ETX" service.[5] In the ACAC Dismissal Order, I explained that Plaintiffs failed to plead that the BLOCK ETX service was a security because the ACAC did not allege a common enterprise. (ACAC Dismissal Order ¶ 9.) Plaintiffs now attempt to compare the BLOCK ETX service to a mutual fund. (Pl. Opp. at 51.) The analogy is misplaced. Plaintiffs ignore the fact that one purchases shares in a mutual fund. *Cf. Jones v. Harris Assocs. L.P.*, 559 U.S. 335, 338 (2010) ("A mutual fund is a pool of assets, consisting primarily of [a] portfolio [of] securities, and belonging to the individual investors holding *shares* in the fund.") (alteration in original) (emphasis added) (quoting *Burks v. Lasker*, 441 U.S. 471, 480 (1979)). There is no allegation in the SAC that Plaintiffs purchased shares of the BLOCK ETX service. To the contrary, as I pointed out in the ACAC Dismissal Order, Plaintiffs' own PSLRA certification confirms that the BLOCK ETX service was not itself a standalone asset that could be bought or sold—unlike shares in

---

[5] Plaintiffs do not oppose dismissal of the Fourth Cause of Action as to Defendant Sharp. (Pl. Opp. at 50, n.5.) This claim is therefore dismissed as to Defendant Sharp, and I address it solely in relation to the HUMBL Defendants.

HUMBL, which could be, and were, bought and sold. (*See* D.I. 10, Ex. B at 3–8.) The BLOCK ETX trades listed on the PSLRA certification detail multiple individual transactions in *different cryptocurrencies*, not in BLOCK ETX itself. (*Id.*) Plaintiffs have thus failed to plausibly allege that the BLOCK ETX is a security, and have therefore failed to state a claim under §§ 5 and 12(a)(1) of the Securities Act.[6]

9.  The SAC represents Plaintiffs' third attempt to plead a viable claim against the Moving Defendants. In my order dismissing the ACAC, I specified the deficiencies and gave Plaintiffs an opportunity to cure. They have failed to do so. Any further amendment would be futile.[7] For the foregoing reasons, IT IS NOW HEREBY ORDERED that:

   a. The HUMBL Defendants' Motion to Dismiss the Second Amended Class Action Complaint (D.I. 91) is GRANTED;

   b. Defendant George Sharp's Motion to Dismiss the Second Amended Class Action Complaint (D.I. 95) is GRANTED;

---

[6] Plaintiffs' attempt to compare the BLOCK ETX service to the investment advisor in *United States v. Pierre*, No. 22-1274, 2024 WL 676373 (2d Cir. 2024) is similarly misplaced, for the reasons Defendants point out. (*See* HUMBL Reply at 17–18) (noting that the criminal defendant investor in *Pierre* had possession of the victims' assets and purported to make individual trading decisions, none of which is present here). I also find unpersuasive Plaintiffs' characterization of BLOCK ETX as a common enterprise in which "the fortunes of each investor depend upon the profitability of the enterprise as a whole." (Pl. Opp. at 54.) As the HUMBL Defendants point out, Plaintiffs conflate the payment of *subscription fees* with the pooling of *funds*. (HUMBL Reply at 18.) A common enterprise requires the pooling of investor contributions to the enterprise. *See SEC v. Infinity Grp. Co.*, 212 F.3d 180, 187–88 (3d Cir. 2000). A subscription fee is not the "investor contribution" the case law envisioned.

[7] *See Ghaffari v. Wells Fargo Bank NA*, 621 F. App'x 121, 125 (3d Cir. 2015) (upholding dismissal of plaintiff's complaint with prejudice when he already amended once); *In re SRC Liquidation LLC*, 581 B.R. 78, 94 (D. Del. 2017) (Stark, J.) (citing *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003)) (upholding dismissal with prejudice where further amendment was deemed futile).

6

   c. The Second Amended Class Action Complaint (D.I. 87) is DISMISSED as to the HUMBL Defendants and Defendant Sharp. The HUMBL Defendants and Defendant Sharp shall be terminated as defendants in this action.

Dated: December 19, 2025

                _____
                The Honorable Jennifer L. Hall
                United States District Judge